UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARY E. REED and CHARLES L. REED, jointly and severally, | Case No. 1:09-cv-692 |
| Plaintiffs, | |
| | HONORABLE PAUL L. MALONEY |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as assignor and/or Trustee of Argent Securities, Inc. Asset-Backed Pass-Through Certificates Series 2006-M1, | |
| and | |
| AMERICAN HOME MORTGAGE SERVICING, INC., | |
| Defendants. | |

**OPINION and ORDER**

**Granting the Motion to Dismiss the Federal Truth in Lending Act Claim as Time-Barred;
Declining Supplemental Jurisdiction over the State-Law Claims;
Terminating and Closing the Case**

In 2006, to pay off ("refinance") the mortgage loan on their home in Zeeland, Michigan, plaintiffs Charles L. Reed and Mary E. Reed (collectively "the Reeds") took out a new mortgage loan, secured by that same property, from former defendant Argent Mortgage Company, LLC ("Argent"). *See* Complaint filed in the Circuit Court of Ottawa County, Michigan on June 18, 2009 ("Comp") ¶¶ 1-2 and 5. At some unspecified time after the closing on the refinance mortgage loan, Argent assigned its interest therein to defendant Deutsche Bank National Trust Company ("Deutsche

Bank"), and defendant American Home Mortgage Servicing, Inc. ("AHMSI") was hired or designated to service the loan. *See* Comp ¶¶ 2-3. The Reeds were notified that their home was in foreclosure, with a foreclosure sale scheduled for June 18, 2009. *See* Comp ¶ 6. The record does not indicate whether that foreclosure sale took place.

On June 18, 2009, the Reeds filed the instant action in the Circuit Court of Ottawa County, Michigan, and it was assigned case number 09-01299-CK. AHMSI was served with the complaint and summons on June 30, 2009, and on July 28, 2009 it timely filed a notice removing the case to this court pursuant to 28 U.S.C. § 1441. *See* Notice of Removal filed July 28, 2009 ("Removal Notice") at 1-2 introduction and ¶ 1.

The Reeds asserted four claims. Invoking the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.*, count one claimed that all three defendants (Argent, Deutsche Bank and AHMSI) "engaged in a sales and marketing program which amounted to unfair trade practices as follows: representing that services provided by Defendants were of a particular standard, quality, or grade and were of a particular type, even if they were another . . . ." Comp ¶¶ 9-10. Invoking the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 16335 and 1641(c) and 12 C.F.R. § 226.23, count two seeks rescission of the mortgage loan and other relief. *See* Comp ¶¶ 11-22. In count three the Reeds asserts a Michigan common-law claim for fraudulent misrepresentation against Argent alone, *id.* ¶¶ 23-25, and in count four they assert a Michigan common-law claim for wrongful foreclosure and intentional infliction of emotional distress against all three defendants, *id.* ¶¶ 26-30.

This court has uncontested federal jurisdiction over count two, the federal TILA claim, pursuant to 28 U.S.C. § 1331, and discretionary supplemental jurisdiction over the three state-law claims pursuant to 28 U.S.C. § 1367. On August 27, 2009, Deutsche Bank and AHMSI jointly filed

a motion to dismiss or, in the alternative, for summary judgment on the three claims against them (the TILA claim in count 2, and the state-law claims in counts 1 and 4). The time for the Reeds to file a response to the motion has expired,[1] and they have neither filed a response nor sought an extension of time in which to do so. For the reasons that follow, the court will dismiss the TILA claims (count 2) as time-barred and decline supplemental jurisdiction over the remaining state-law claims.

## DISCUSSION: TILA CLAIMS

<u>The Reeds' TILA Claim for Damages is Time-Barred.</u>

Title 15 U.S.C. § 1640(e) provides, in pertinent part, that "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one date from the date of the occurrence of the violation." Our Court of Appeals has construed this provision as a statute of limitations, *see Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (Suhrheinrich, Batchelder, <u>Sutton</u>) (citing *Weston v. AmeriBank*, 265 F.3d 366, 368 (6th Cir. 2001)

---

[1] Because the Reeds' counsel is a registered participant in our Electronic Case Filing ("ECF") system, he was deemed to be served with defendants' motion when he received a Notice of Electronic Filing ("NEF") on Thursday, August 27, 2009. *See Love v. SSA*, 605 F. Supp.2d 893, 895 (W.D. Mich. 2009) (Maloney, C.J.) (citing W.D. MICH. LCIVR 5.7(d)(i)(ii)).

Because the defendants' motion to dismiss or for summary judgment is a dispositive motion, *see* W.D. MICH. LCIVR 7.2(a), the Reeds had twenty-eight days, after being served with the motion, to file an opposition brief, *see* W.D. MICH. LCIVR 7.2(c). Under Federal Rule of Civil Procedure 6(a)(1), the twenty-eight days began running the following day, Friday, August 28, 2009. Finally, under Federal Rule of Civil Procedure 6(a)(2), all calendar days are "counted" as part of the Reeds' response period, including weekends and federal holidays.

Accordingly, the Reeds had to e-file an opposition brief no later than midnight on Thursday, September 24, 2009. They neither filed a brief nor sought an extension of time in which to do so.

and *Jones v. Ohio TransOhio Svgs. Ass'n*, 747 F.2d 1037, 1040-41 (6th Cir. 1984)), and the court has no discretion to entertain a TILA damages claim, whatever its apparent merit, if the limitations period has expired:

> The Truth in Lending Act creates a cause of action and confers jurisdiction on federal courts to hear cases arising under the statute. That jurisdiction is defined and circumscribed by the Act itself, in a temporal as well as substantive sense. If a complaint is not filed within the time period prescribed by 15 U.S.C. § 1640(e), a federal court has no jurisdiction to entertain it.

*Gray v. Home Bank of Tennessee*, No. 94-5817, 47 F.3d 1168, 1995 WL 35660, *1 (6th Cir. Jan. 30, 1995) (p.c.) (Kennedy, Suhrheinrich, D.J. Hood) (quoting *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118, 1119 (6th Cir. 1980)).

The defendants allege that by signing their mortgage-loan documents at the closing on April 28, 2006, the Reeds expressly acknowledged receiving a Notice of Right to Cancel, *see* Defs' MTD/MSJ at 7 (citing Ex. C), and the Reeds, having failed to file an opposition brief, have not contested this allegation, let alone provided documentary or other evidence to the contrary. Accordingly, the court is entitled to find that the Reeds received at least Notice of Right to Cancel no later than April 28, 2006 (though the court intimates no opinion as to whether said Notice, or other conduct of the defendants, complied with the TILA).

In turn, that means that, so far the record reflects, the TILA's one-year statute of limitations started running no later than April 28, 2006. Indeed, even if the court assumed *arguendo* that the defendants gave the Reeds no TILA notice at all up to and including the date of the closing, the TILA limitations period still would have started running no later than the closing. This is because

> a violation of the Truth in Lending Act's disclosure requirement occurs, and the limitations clock starts, when a lender enters a credit contract with a borrower

without making required disclosures, because the borrower suffers – an inability to compare meaningfully other lenders' offers – materializes when the borrower becomes locked into a loan agreement.

*Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (Suhrheinrich, Batchelder, <u>Sutton</u>) (citing with approval *Wachtel v. West*, 476 F.2d 1062, 1065-66 (6th Cir. 1973)). Likewise, our Circuit recently explained that

> TILA liability arises when a creditor fails to make the required disclosures "before consummation of the transaction" (Reg. § 226.17(b)), defined as 'the time that a consumer becomes contractually obligated on a credit transaction" (Reg. § 226.2(a)(13)). Thus "consummation" occurs when the borrower signs the loan documents and becomes obligated to pay, despite the fact that the loan may be contingent on the lender's approval . . . .

*US v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009) (Gibbons, McKeague, <u>N.D. Ill. D.J. Shadur</u>) (citing, *inter alia*, *Bragg v. Bill Heard Chevrolet*, 374 F.3d 1060, 1066 (11th Cir. 2004)).

It is true that the TILA's one-year limitations period on notice-violation claims is subject to equitable tolling. "[W]hen equitable tolling is applied, 'the one year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the claimed TILA violation.'" *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 633 (6th Cir. 2007) (Ryan, <u>Griffin</u>, E.D. Ky. D.J. Joseph Hood) (quoting *Jones v. TransOhio Svgs. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984)).

But equitable tolling is to be applied sparingly, *see White v. US*, 2007 WL 2461698, *3 (W.D. Mich. Aug. 27, 2007) (Robert Holmes Bell, C.J.) (citing *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003)), and "[t]he party seeking to benefit from equitable tolling bears the burden of proving the propriety of its application." *Ruth v. UniFund CCR Partners*, 2009 WL 585847, *7 (N.D. Ohio Mar. 6, 2009) (Sara Lioi, J.) (citing, *inter alia*, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir.

2003)); *see also Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (citing *Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 96 (1990)). "To benefit from equitable tolling, a [party] must show that: 1) he was diligently pursuing his rights; and 2) some extraordinary circumstances stood in the way of his timely compliance." *Butler v. Howes*, 2008 WL 659499, *1 (W.D. Mich. Mar. 6, 2008) (Enslen, J.)) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) and *Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988)); *see also Castleberry v. Neumann Law, P.C.*, 2008 WL 5744179, *9 (W.D. Mich. July 9, 2008) (Maloney, J.) (setting out the five factors which our Circuit considers when determining whether equitable tolling is appropriate) (citing *Dunlap v. US*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Having failed to file an opposition brief, the Reeds have failed to properly request equitable tolling, let alone identify facts which might satisfy the criteria for such tolling. *See, e.g., Barkho v. Homecomings Financial, LLC*, No. 09-12163, – F. Supp.2d –, – , 2009 WL 3104035, *3 (E.D. Mich. Sept. 30, 2009) (Julian Abele Cook, J.) ("Finally, while [TILA's] one year provision may be tolled in some cases of fraudulent concealment, *the Plaintiff has failed to present any argument in his brief that would allow the Court to consider this issue*. As such, the Court is compelled to dismiss Counts Two and Four of the complaint, as both of them are time barred . . . .") (emphasis added).

In short, the one-year limitations period on the Reeds' damages claim expired on about April 28, 2007, so their TILA damages claim filed in June 2009 must be dismissed as untimely. *See, e.g., Sutlif v. County S&L Co.*, 533 F. Supp. 1307 (N.D. Ohio 1982) (Ann Aldrich, J.).


<u>The Reeds' TILA Claim for Rescission is Time-Barred.</u>

The fact that the Reeds' TILA *damages* claim is time-barred, of course, does not

-6-

automatically mean that their TILA *rescission* claim is time-barred as well. *See McCoy v. Harriman Util. Bd.*, 790 F.2d 493, 496 (6th Cir. 1986). TILA provides that where required notices are given, the right to rescind expires in three days, but where the required notices are not given, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . ." 15 U.S.C. § 1635(f); *see also* 12 C.F.R. § 226.23(a)(3). Interpreting the TILA, the U.S. Supreme Court unanimously held, "We respect Congress's manifest intent by concluding that the Act permits no federal right to rescind, defensively or otherwise, after the three-year period of § 1635(f) has run." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998).

The Reeds filed their TILA rescission claim in June 2009, more than three years after the April 2006 closing, and section 1635(f)'s three-year statute of repose on such claims is not subject to equitable tolling. *See Bolden v. Aames Funding Corp.*, 2005 WL 948592, *3 (W.D. Tenn. Feb. 25, 2005) (Breen, J.) (citing *Taylor v. The Money Store*, 42 F. App'x 932, 933 (9th Cir. 2002) (citing *Beach*, 523 U.S. at 412-13)); *accord Green v. Ben. Mortg. Corp.*, 2009 WL 56056, *10 (E.D. Mich. Jan. 8, 2009) (Victoria Roberts, J.); **3rd Circuit,** *Harris v. EMC Mortg. Corp.*, 2002 WL 32348324 (E.D. Pa. Apr. 10, 2002); **4th Circuit,** *Roach v. Option One Mortg. Corp.*, 598 F. Supp.2d 741, 751 n.16 (E.D. Va. Jan. 21, 2009) (citing *Jones v. Saxon Mortg., Inc.*, 537 F.2d 320, 326 (4th Cir. 1998)), *aff'd*, No. 90-1150, 2009 WL 2606998 (4th Cir. Aug. 26, 2009) (p.c.) (not in F. App'x); **7th Circuit,** *Spann v. Cmty. Bank of No. Va.*, 2004 WL 691785, *4 (N.D. Ill. Mar. 30, 2004); **11h Circuit,** *McMillian v. AMC Mortg. Servs., Inc.*, 560 F. Supp.2d 1210, 1215 (S.D. Ala. 2008).

Therefore, the Reeds' TILA rescission claim must likewise be dismissed as untimely.[2]

---

2

This disposition obviates the need to consider whether the Reeds could state a claim for TILA rescission on which relief could be granted on the merits. For example, the court need not inquire whether the Reeds' re-financing merely paid-off their prior mortgage loan or also took "cash

**DISCUSSION: STATE-LAW CLAIMS**

That leaves only the Reeds' state-law claims. The court has supplemental jurisdiction[3] over those claims, but our Circuit emphasizes that "'[s]upplemental jurisdiction is a doctrine of discretion . . . not of right.'" *Hendrixson v. BASF Const. Chems. LLC*, – F. Supp.2d –, –, 2008 WL 3915156, *20 (W.D. Mich. Aug. 20, 2008) (Maloney, C.J.) (quoting *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003)); *see also Baer v. R&F Coal Co.*, 782 F.2d 600, 602 (6th Cir. 1986) (p.c.) (Krupansky, Guy, D.J. Suhrheinrich) (citing *UMWA v. Gibbs*, 383 U.S. 715, 726 (1966)); *Lake v. Granholm*, 2008 WL 724162, *14 (W.D. Mich. Mar. 17, 2008) (Jonker, J.) (quoting *Habich*).[4]

Having disposed of the Reeds' federal claims, the court exercises its discretion under 28 U.S.C. § 1367(c)(3) and declines supplemental jurisdiction over the claims which arise under state law. *See Allen v. City of Sturgis*, 559 F. Supp.2d 837, 852 (W.D. Mich. 2008) (Maloney, J.) ("'[A] federal court that has dismissed a plaintiff's federal-law claim should not ordinarily reach the plaintiff's state-law claims.'") (citing, *inter alia*, *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citing 28 U.S.C. § 1367(c)(3) and *UMWA*, 383 U.S. at 726 ("Certainly if the

---

out." *See Gray v. First Century Bank*, 547 F .Supp.2d 815, 820 (E.D. Tenn. 2008) (Thomas Varlan, J.) (holding that 12 C.F.R. § 226.23(f)(2) expressly exempts certain refinancing home-mortgage loans from the disclosure requirement of the right of rescission, and exempting the balance of the paid-off mortgage from the right of rescission itself) (following *Porter v. Mid-Penn Consumer Discount Co.*, 961 F.2d 1066, 1074 (3d Cir. 1992)).

[3] "The single term 'supplemental jurisdiction' now encompasses the two judicially created doctrines formerly referred to as 'pendent' and 'ancillary' jurisdiction. 28 U.S.C. § 1367, enacted [in] 1990 . . . , was intended to codify these case law doctrines." *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 997 n.1 (E.D. Mich. Jan. 23, 1996).

[4]*Accord Tholmer v. Yates*, 2009 WL 174162, *6 n.7 (E.D. Cal. Jan. 26, 2009) (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997)).

federal claims are dismissed before trial . . . the state claims should be dismissed as well.")), *cert. denied*, – U.S. –, 127 S.Ct. 1832 (2007)); *see also Musson Theatrical, Inc. v. Fed Ex Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . .").[5]

"There does not appear to be any extraordinary circumstances to justify departing from th[e] general rule" disfavoring supplemental jurisdiction. *Pickelhaupt v. Jackson*, 2008 WL 4457823, *13 (E.D. Mich. July 22, 2008), *R&R adopted in part and rejected in part o.g.*, 2008 WL 4457807 (E.D. Mich. Sept. 30, 2008). The interests of justice and comity are best served by deferring to Michigan's courts, which are best equipped to interpret and apply their own State's law governing wrongful foreclosure and the reach of the Michigan Consumer Protection Act in the first instance. *See Widgren v. Maple Grove Twp.*, 429 F.3d 575, 585 (6th Cir. 2005) ("[T]he district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law issues based on its consideration of *the interests of justice and comity best served by a state court's resolution of the remaining state law claims*.") (emphasis added); *State Farm Auto. Ins. Co. v. Carter*, – F. Supp.2d –, –, 2008 WL 5740100, *18 (W.D. Mich. 2008) ("When reasonably possible, it is far preferable for Michigan courts to interpret Michigan law . . . . This is even more true [given that Michigan] judges

---

[5]

To see just how strong our circuit's presumption against supplemental jurisdiction is, *see Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) (only "*overwhelming* interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed") (emphasis added) and *Brown v. Nationwide Mut. Ins. Co.*, 2005 WL 1223888, *2 n.3 (N.D. Ohio May 23, 2005) (Dowd, J.) ("Although this court has discretion to exercise supplemental jurisdiction over state law claims which are based on the same facts as federal claims . . . , it is not required to do so *and rarely does*.") (emphasis added), *mot. for relief from judgment den.*, 2006 WL 1982943 (N.D. Ohio July 13, 2006).

. . . are elected by, and thus directly accountable to, the citizens . . . .").[6] *See, e.g., Inge v. Rock Fin. Corp.*, 281 F.3d 613, 616 (6th Cir. 2002) ("The district court dismissed Inge's TILA claim as time-barred pursuant to the one-year statute of limitations in 15 U.S.C. § 1640(e). The district court also held that Inge failed to state a claim under the TILA . . . . The court then remanded Plaintiffs' remaining state law claims to the Kent County [Michigan] Circuit Court, pursuant to the supplemental jurisdiction and removal statutes, 28 U.S.C. §§ 1367(c) and 1441(c).").

## ORDER

Defendants' motion to dismiss for failure to state a claim or for summary judgment [document # 11] is **GRANTED in part and DENIED without prejudice in part.**

Pursuant to FED. R. CIV. P. 12(b)(6), the federal Truth in Lending Act claim (count two) is **DISMISSED with prejudice as time-barred.**

Pursuant to 28 U.S.C. § 1367(c), supplemental jurisdiction is **DECLINED** over all state-law

---

[6]

*See also Thornton v. Fed Ex Corp.*, 530 F.3d 451, 454 n.1 (6th Cir. 2008) (noting district court awarded summary judgment on plaintiff's claims under federal law and then declined to exercise continuing supplemental jurisdiction);
  *Slusher v. Delhi Twp., Ohio*, 2009 WL 2145608 (S.D. Ohio July 14, 2009) (Beckwith, J.);
  *Wideman v. Montano*, 2009 WL 1949082 (W.D. Ky. July 7, 2009) (McKinley, J.);
  *MEE Pension Fund v. EE&D*, 556 F. Supp.2d 746, 782 (W.D. Mich. 2008) (Maloney, J.);
  *Westberg v. Russell*, 2008 WL 205208, *1 (W.D. Mich. Jan. 23, 2008) (Enslen, J.);
  *Poindexter v. McKee*, 444 F. Supp.2d 783 (W.D. Mich. 2006) (Miles, J.);
  *Reinhardt v. Dennis*, 399 F. Supp.2d 803, 811 (W.D. Mich. 2005) (McKeague, J.);
  *Glover v. Elliott*, 2007 WL 4557853, *5 (W.D. Mich. Dec. 21, 2007) (Bell, C.J.);
  *Forner v. Robinson Twp. Bd.*, 2007 WL 2284251 (W.D. Mich. Aug. 7, 2007) (Quist, J.);
  *Henderson v. Caruso*, 2007 WL 1876471 (W.D. Mich. June 28, 2007) (Greeley, M.J.);
  *Herron v. Caruso*, 2005 WL 1862036, *6 (W.D. Mich. Aug. 2, 2005) (Edgar, J.);
  *Faller v. Children's Hosp.*, 2009 WL 29878, *2 (S.D. Ohio Jan. 5, 2009) (Dlott, C.J.).

claims. Count 1 and Count 4 are **REMANDED** to the Circuit Court for Ottawa County, Michigan.[7]

A separate judgment will issue as required by FED. R. CIV. P. 58.

This case is **TERMINATED** and **CLOSED**.

This is a final order.[8]

**IT IS SO ORDERED** on this ___5th___ day of October 2009.

                                            /s/ Paul L. Maloney
                                            Hon. Paul L. Maloney
                                            Chief United States District Judge

---

[7] Count 3 asserted a Michigan common-law claim for fraudulent misrepresentation against Argent alone. *See* Comp ¶¶ 23-25. Therefore, when the parties jointly stipulated to the dismissal of Argent from the case, count 3 dropped from the case as well.

[8] If the refusal to exercise supplemental jurisdiction is appealable, it will be reviewed only for clear error. *See Bell-Coker v. City of Lansing*, 2009 WL 166556, *8 (W.D. Mich. Jan. 21, 2009) (Maloney, C.J.) (citing *Reynosa v. Schultz*, 282 F. App'x 386, 390-91 (6th Cir. 2008) ("We . . . will not reverse unless the court below 'relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard . . . .'") (citing *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) & quoting *US v. Chambers*, 441 F.3d 438, 446 (6th Cir. 2006))). *Cf. Miller v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001) (the "decision to 'relinquish pendent jurisdiction before the federal claims have been tried . . . will be reversed only in extraordinary circumstances.'") (citation omitted).